CASE 23—CONTESTED WILL.—JANUARY 19.

# Moore's Adm'r, &c., v. Smith, &c.

### APPEAL FROM BOONE CIRCUIT COURT.

1. WILLS—DEPOSITIONS OF ATTESTING WITNESSES.—Section 31 of chapter 113 of the General Statutes, as to the manner of taking depositions of attesting witnesses to wills, applies alone to the court in which the will is offered for probate, and not to depositions taken to be used in the circuit court upon appeal from the court of probate.
2. EXCEPTIONS TO DEPOSITIONS—CONTINUANCE.—But if a commission had been necessary to take the depositions of the attesting witnesses in this case, yet as exceptions were not filed to the depositions until after the commencement of the trial, the court, having sustained the exceptions, should have granted a continuance upon the application of the propounders of the will, and not have required them to submit to a judgment against them.
3. SAME.—While exceptions to depositions which go to the competency of the witness, or to the relevancy or competency of the testimony, may be filed at any time during the trial, no other exception can be regarded unless it be filed and noted on the record before the commencement of the trial and before or during the first term of the court after the filing of the deposition.

O'HARA & BRYAN AND WM. LINDSAY, D. W. LINDSEY AND A. G. WINSTON.

Section 31, chapter 113, of General Statutes, in reference to the manner of taking the deposition of an attesting witness to a will when offered for probate, applies only to the probate proceedings in the county court.

J. F. & C. H. FISK for appellees.

> An action in the circuit court to test the validity of a will is a proceeding *de novo*, and only such evidence is admissible as would be competent in the county court on an offer to probate. (General Statutes, section 31, chapter 113.)

JUDGE PRYOR delivered the opinion of the court.

The paper in controversy, the alleged will of Samuel S. Moore, was admitted to probate in the Boone county court upon the testimony of B. F. Bristow one of the subscribing witnesses. The probate was opposed by the next of kin of the devisor, and an appeal taken to the circuit court. There seems to have been a mistrial of the case at the first term of the circuit court at which the case was called, and on the last trial, in 1886, the court instructed the jury to find that the paper offered was not the will of Moore.

B. F. Bristow and C. W. Miller were the attesting witnesses and their depositions had been taken and were offered to be read on the trial. Miller was dead when this case was tried, and his deposition had been taken in the absence of the original paper that he had attested as the will of Moore. He was, however, presented with a copy attested by the clerk of the Boone County Court, and stated that he witnessed a paper similar to that, as he thought, in conjunction with B. F. Bristow, at the instance of the testator and in his presence. The deposition of Bristow was also offered to be read, and when his deposition was taken the original paper was presented and identified by the witness as the paper attested by him and the witness Miller, at the instance of and in the presence of the testator, speaking, also, as to the signature of the testator, and his competency to execute such an instru-

ment.   After the parties had not only announced themselves ready for trial, but had gone into the trial and offered to read the depositions of Bristow and Miller, counsel for the contestants filed an exception for the first time, to the effect that the depositions were incompetent because not taken pursuant to section 31, chapter 113, title "Wills," General Statutes. That section provides that when any will or any such authenticated copy is offered for probate, and a witness attesting the same is out of the State, or, if in the State, cannot attend on account of sickness, age or other infirmity, etc., or resides at a distance of more than fifty miles, such court may cause a commission to be issued, annexed to the will or copy, and directed to any person authorized by law to take depositions, to take his deposition.   The deposition is required to be certified as depositions are in other cases, and no notice need be given unless the probate is opposed by some one who has made himself a party, etc.   The propounders of the will insisted that the exception came too late, and should be disregarded, but the trial court adjudged otherwise, and sustained the exception.   Counsel then asked for an attachment against the witness Bristow, who lived at Covington, a distance of less than fifty miles from the place of trial.   The attachment was allowed, and returned by the officer to the effect that the witness was sick in bed and unable to attend court. The affidavit of the witness and his attending physician showed that the witness could not attend.   The propounders of the will then offered to read the deposition, but this was refused by the court on the ground that the deposition had not been taken under

a commission as provided by the General Statutes. Counsel then filed an affidavit to the effect that they were taken by surprise by reason of the exceptions and the ruling of the court, and asked that the case be continued. This the court refused to do, and instructed the jury to find against the paper and for the contestants; hence this appeal. If a commission had been necessary to take the depositions of the attesting witnesses in a case like this, a continuance under the circumstances should have been granted.

Exceptions to competency and the relevancy of testimony may be made at any time during the trial, but no other exception "shall be regarded unless it be filed and noted on the record before the commencement of the trial, and before or during the first term of the court after the filing of the deposition." Section 587, Carroll's Code. Besides, the depositions in this case established, if the witnesses were to be believed, and there was nothing to question the character of either for truth, the paper in controversy as the will of Samuel Moore. They were the attesting witnesses to the paper; their testimony was vital to the propounders, for without it they had no case in court, and sustaining the exceptions left nothing for the trial judge to do but to instruct the jury to find for the contestants. The preparation of the case showed proper diligence on the part of the propounders and their attorneys. They had taken their depositions prior to the term at which a mistrial was had. No exception had been filed urging the objection that a commission was necessary until the trial was under progress, and it was, therefore, an abuse of judicial discretion to

compel the appellants to submit to a judgment against them under such circumstances.

If, however, the question was alone presented as to the application of this section of the statute to the practice in the circuit court, it is evident that it applies alone to the court of original jurisdiction in which the paper is offered for probate. While the statute in regard to wills may be said to contain all the law on the subject, it was never designed that upon a mere question of practice in the conduct of the appeal in the circuit court, the trial judge should be confined to the mode of obtaining the attendance of witnesses, and the parties to the mode of taking depositions provided by the statute for the probate of wills in the county court. The circuit court is not a court of probate. It has no power, as the county court has, to admit a will to probate without notice, where no one has made himself a party opposing it. In fact, the circuit court has no original jurisdiction over the subject matter, and when brought to the circuit court by an appeal, the hearing should be conducted as any other civil proceeding in that court.

The statute provides that where a will is offered for probate, the testimony may be obtained in a certain mode—that is, by a commission directed to some one to take the depositions. It was enacted so as to inform that court how to proceed when the witness could not attend who had attested the paper, and, as a rule of procedure, applies alone to the probate court. If the deposition had been taken to be read in the county court without a commission, and then offered to be read in the circuit court, the exception might be well

taken, and then the exception should be filed before trial, if the contestants had been previously notified that it would be offered. In this case the witness was aged, infirm and unable to attend court, and, therefore, by an express provision of the Code, section 554, the propounders of the paper should have been allowed to read it to the jury. If this commission is necessary in the circuit court, then the propounders of the will could take no step to prepare for trial by taking the depositions of the attesting witnesses until the circuit court convened, and then apply for a commission to take the deposition. It is plain to us that the mode of taking the depositions as provided by the statute, applies only to the probate court. The judgment below is, therefore, reversed, with directions to set aside the verdict of the jury and award the appellants a new trial, and for proceedings consistent with this opinion.